UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDVERSANT TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MORRISEY ASSOCIATES, INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM. | Case No. CV-09-05031 MMM (RCx)<br><br>[~~PROPOSED~~] PROTECTIVE AND ELECTRONIC DISCOVERY ORDER<br><br>Honorable Rosalyn M. Chapman<br><br>NOTE CHANGES MADE BY THE COURT. |

## GOOD CAUSE STATEMENT

The discovery in and trial of this case will involve the exchange of highly sensitive information relating to the parties' goods and finances. The information expected to be sought and produced may include "trade secrets" as that term is defined in California Civil Code Section 3426.1, customer lists, market surveys, corporate financial information and analysis, business strategies, personal financial and identifier information, information related to product development, research and releases, technical information and specifications, and confidential information subject to non-disclosure by prior agreement that are not available to the public. The parties agree that the disclosure to the public of such highly sensitive information may be detrimental to the parties' respective privacy and commercial interests. Therefore, the parties have agreed to this Stipulation for Entry of Protective Order on the terms set forth below.

## PROTECTIVE ORDER

The parties hereto have acknowledged that during the course of this action certain information is expected to be sought and produced which include "trade secrets" as that term is defined in California Civil Code § 3426.1, customer lists, market surveys, corporate financial information and analysis, business strategies, personal financial and identifier information, information related to product development, research and releases, technical information and specifications, and confidential information subject to non-disclosure by prior agreement. Therefore, ~~the parties have stipulated that this protective order may be entered by the Court,~~ and that the order shall govern all confidential information produced in these proceedings. The parties agree that their stipulation is effective as a contract even before entry by the Court. Accordingly,

IT IS HEREBY ORDERED that:

1. Definition of Confidential Information.

"Confidential Information," as used herein, means any type or classification of information which is designated as confidential by the supplying party, whether it be a document or thing, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise, to or for any of the parties in this litigation.

2. Designation of Confidential Information.

Each deposition transcript page or portion thereof, each interrogatory answer or portion thereof, each produced document or portion thereof, each thing or portion thereof, and each answer to request for admission or portion thereof, which in good faith is deemed by counsel for a party to disclose Confidential Information of that party, shall be so identified and marked "CONFIDENTIAL" by that party's counsel. Such identification and marking shall be made: (a) in the case of an answer to an interrogatory or a response to a request for admission, at the time when the answer or response is served on the requesting party; (b) in the case of another document, when a copy of the document is provided to another party; and (c) in the case of an inspection of premises or things, either orally on the record at the time of the inspection (if there is a record of the inspection to be transcribed), or in a written notice delivered to counsel for the other party within ten days after the inspection. Documents need not be marked as "CONFIDENTIAL" at the time produced for inspection and each such document produced for inspection shall be treated as subject to the terms of this Order until a copy of such document is produced to the receiving party for use in this action. In lieu of marking the original of a document, the party may mark the copies that are produced or exchanged. In the case of transcript pages, the designating party shall advise opposing counsel of the specific pages to be maintained in confidence within twenty (20) calendar days after receipt of the transcript of the

deposition. Pending notification from opposing counsel during the twenty (20) calendar day period, all transcript pages shall be treated as "ATTORNEYS' EYES ONLY" and may be used only in accordance with such designation under this Protective Order. Unless identified and marked or designated in accordance with this paragraph, any confidentiality is waived, unless otherwise stipulated or ordered or inadvertent disclosure corrected pursuant to the terms of this Order.

3. <u>Treatment of Confidential Information and Persons Entitled to Access.</u>

Until and unless the Court rules that any information, document or thing designated as "CONFIDENTIAL" is not Confidential Information, or may be disclosed beyond the limits permitted by this Order, access, copying and dissemination of such information, documents and things shall be limited to the following persons:

A. Outside litigation attorneys of record in this litigation; and other attorneys, staff and support personnel of such attorneys who are working directly on this litigation under the direction of such attorneys and to whom the materials are disclosed solely for purposes of this litigation.

B. Outside experts and consultants such as independent accountants, statisticians, economists, or technical experts, employed in this litigation by a party or its attorneys of record, provided, however, that: (a) fourteen (14) days before such access is given, written notice of intent to give such access, along with the name and curriculum vitae for such expert or consultant shall be given to ~~all parties; and (b) before such access is given, such expert or consultant shall~~ agree in writing in the form attached hereto as Exhibit A to be bound by the terms of this Protective Order.

C. Two (2) designated persons employed by Plaintiff and two (2) designated persons employed by Defendant: specifically, Matthew Haddad and Marilyn Geller on behalf of Plaintiff, and Gerald Zoldan and James Nutter on

behalf of Defendant.

D. The Court and any court reporters, stenographers, clerks, law clerks, and other Court personnel employed by the Court.

E. Any other person to whom the parties agree in writing before any such disclosure.

4. Materials Designated as "ATTORNEYS' EYES ONLY".

In the event that any party deems in good faith that certain information, documents or things are extraordinarily sensitive and, therefore, inappropriate for treatment merely as "CONFIDENTIAL" discovery material, such items may be designated and marked for "ATTORNEYS' EYES ONLY" instead of or in addition to the "CONFIDENTIAL" designation set forth in Paragraphs 1 and 2, above. Materials so designated may be disclosed only to persons as described in Paragraphs 3A (except as restricted hereinafter), 3B, 3D and 3E. Marking of documents or things as "ATTORNEY'S EYES ONLY," "ATTORNEY EYES ONLY," or by substantially similar designations shall have the same effect as marking them "ATTORNEYS' EYES ONLY."

As to the outside attorneys of record in this litigation covered under Paragraph 3A, ATTORNEYS' EYES ONLY materials of one party shall not be provided to any individual attorney or other person who is involved in Patent Prosecution Matters (domestic or foreign) on behalf of the other party. Any outside attorney who reads and/or reviews ATTORNEYS' EYES ONLY materials shall not become involved or otherwise participate in Patent Prosecution ~~Matters that are directed to the subject matter of the ATTORNEYS' EYES~~ ONLY materials on behalf of the other party for a period of two (2) years following the final resolution of this litigation. For purposes of this Paragraph, "Patent Prosecution Matters" include pre-issuance patent prosecution and post-issuance proceedings, such as reexamination proceedings and reissue proceedings.

5. **Restrictions on Use and Dissemination of Designated Information.**

All information produced by a party in the course of this litigation and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to this Protective Order shall be used by the receiving parties solely for the purpose of this litigation. Any person receiving information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the provisions of this Protective Order shall be advised of this Protective Order. Any person covered under Paragraph 3E, to whom it is agreed in writing that all or any part of materials or information designated under this Protective Order may be shown, shall agree to be bound by its terms prior to such disclosure by signing the form attached hereto as Exhibit A.

6. **Electronic Discovery**

The disclosure of electronically stored information ("ESI") by all parties shall be subject to the conditions stipulated in this Section 6.

A. **Scope of Discovery of ESI**

Each party represents that it has taken reasonable steps to preserve all sources of ESI, whether reasonably accessible or not. Each party will conduct a diligent search of those sources within its possession, custody or control for which it has reason to believe relevant ESI responsive to the opposing parties' discovery requests may be found, wherever such sources may be located.

B. **Not Reasonably Accessible ESI**

Contingent upon each party's compliance with the obligations set forth in ~~subparagraph A, the parties agree that the circumstances of this case do not~~ warrant the review or production of ESI that is not reasonably accessible if, in good faith, it is deemed unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources. The parties agree that the following ESI is not reasonably accessible:

(a) Backup tapes.

  (b) Voicemail, except for voicemail that is digitized and forwarded to an email account, if any.

  (c) Instant Messaging, except for Instant Messaging that has been logged in the ordinary course of business, if any.

  (d) Legacy data.

  (e) Residual, fragmented or damaged data.

  (a) Filtering

In an effort to control costs and reduce the volume of ESI that is not relevant to the matter, the parties may use reasonable search terms to filter ESI for relevancy prior to review and production.

  C. Form or Forms of Production

  (a) Preservation of Metadata

For each document produced that is maintained in a native electronic format, even if the document has been scanned and/or produced as an image for this litigation, all electronic metadata associated with the document shall be preserved by the producing party. The producing party shall not be required, in the first instance, to produce such metadata as part of producing a document in "native format," but the receiving party may request production of the metadata (or a fully native electronic version of the originating document) if it, in good faith, believes such metadata to include relevant information.

  (b) Paper and ESI-Image Only

Paper Documents and ESI will be produced in single page, resolution of at ~~least 200 DPI if imaged, Adobe PDF text-based or imaged format or, if not~~ possible, in native format readable on a computer using the Windows operating system. Each party will accommodate reasonable requests for production of images in color.

  (1) Exception - Spreadsheets

The parties may produce spreadsheets in their native application format. If

-7-
[PROPOSED] PROTECTIVE AND ELECTRONIC DISCOVERY ORDER

requested, spreadsheets shall be produced in their native application format. To the extent that printouts or images of all or part of a spreadsheet were also maintained in static form (e.g. as a PDF attachment or a hard copy in a file), those documents will be produced as static images consistent with the specifications for production of paper.

### (2)   Exception - Databases

The parties shall produce databases in their native format, and if such databases are accessed by proprietary software, the parties shall also produce at least one copy of such proprietary software used in the normal course of business by that party to access the database. To the extent that relevant and responsive reports or data tables derived from a database were also maintained in static form (e.g. as a PDF attachment or a hard copy in a file), those documents will also be produced as static images consistent with the specifications for production of paper. Absent a showing of good cause and substantial need, however, no party shall be required hereunder, without a Court order, to produce a database or individual files or records containing or comprising individually identifiable patient health information, and instead may produce demonstration, test or "dummy" databases, files or records that do not contain individually identifiable patient health information, in response to a discovery request from the other party.

### (3)   Exception - Email Correspondence

Production of email correspondence shall be in native format or, ~~alternatively, in a format readable on a computer using the Windows operating~~ system, which includes Adobe PDF text-based (non-imaged) format.

### (c)   Organization of Production

Images will be placed on either CDs, DVDs or portable hard drives at each party's discretion. Each image will be assigned a production number and an image cross-reference file in .TXT format indicating the begin/end document

boundaries, which file will be provided as part of each production, in order to allow the parties to load the images into litigation support applications and identify document boundaries.

### (d)   Non-Convertible Files

File types such as system, program, and sound files that are not amenable to conversion into image format shall be produced with a placeholder graphic image. Also, files that cannot be converted into image format due to corruption despite reasonable efforts to obtain useful images shall be accounted for with a placeholder image. Some examples of file types that may not be convertible into image format follow:

*.exp *.ilk *.res *.trg *.tlh *.idb *.pdb *.pch *.opt *.lib *.cab *.mov *.mp3 *.swf *.psp *.chi *.chm *.com *.dll *.exe *.hlp *.ivi *.ivt *.ix *.msi *.nls *.obj *.ocx *.rmi *.sys *.tmp *.vbx *.wav *.wpg *.iso *.pdb *.eps *.mpeg *.mpg *.ram *.rm *.ai *.aif *.bin *.hqx *.snd *.mpe *.wmv *.wma *.xfd *.db

### D.   Right to Request Additional Information

The provisions herein are without prejudice to the right of a requesting party to request additional searches or additional information about specific ESI. The parties shall negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, with the Court to resolve such disputes if agreement cannot be reached.

### 7.   Certain Information Not Subject to Scope of Order.

The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party having no obligation of confidentiality to the designating party, or (c) any receiving party can establish was in its or his rightful and lawful possession at the time of disclosure or is developed independently by the receiving party without the use of confidential information. The burden of proving that information falls within the scope of one

or more of the exceptions provided for in this paragraph shall fall on the receiving party or parties.

8.  Exceptions by Court Order or by Agreement by Parties.

Nothing shall prevent disclosure beyond the terms of this Order if the party designating the information consents in writing to such disclosure, or if the Court, after notice to the other parties and the opportunity to be heard, orders such disclosure.

9.  Inadvertent or Unintentional Disclosure of Confidential Information.

The inadvertent or unintentional disclosure by the supplying party of information designated under this Protective Order, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the designated information. Upon receipt of written notification and identification of inadvertent disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, the receiving party shall either mark the materials with the appropriate designation or return them to the producing party for such marking.

10. Challenges to Designations.

A party shall not be obligated to challenge the propriety of a designation under this Protective Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the supplying party of any information, the parties shall first attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party or parties may seek appropriate relief from this Court under Local

Rule 37, and the party asserting confidentiality shall have the burden of proving same. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

11.   Documents Under Seal.

Any party wishing to submit to the Court documents or transcripts of deposition testimony that have been designated as "CONFIDENTIAL" or for "ATTORNEYS' EYES ONLY" by a party to this action or a producing/testifying third party, must submit an application to file the papers, or confidential portion thereof, under seal in accordance with Local Rule 79-5.1. The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

12.   Filing of Briefs or Declarations Containing Confidential Information.

In the event that a party wishes to use any information designated under this Protective Order in any affidavit, brief, memorandum of law, or other paper filed in Court in this litigation, the party must submit an application to file the papers, or confidential portion thereof, under seal in accordance with Local Rule 79-5.1. The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. Nothing in this paragraph shall be construed to preclude a party from delivering an additional courtesy copy of any paper containing designated information, which copy is not sealed, directly to the judge responsible for the litigation.

13. <u>Control By Court</u>

    A. <u>Submission to Court's Jurisdiction</u>

Each person to whom Disclosure of any designated Confidential Information is made shall be subject to and hereby submits to the jurisdiction of this Court for purposes of enforcing this Order, including without limitation injunction proceedings or contempt proceedings.

    B. <u>Violation of Order</u>

In the event anyone ~(other than a party to the litigation)~ shall violate or threaten to violate any term of this Order, any aggrieved Signatory Party may immediately apply to obtain injunctive relief against any such person, violating or threatening to violate any of the terms of this Order, and in such event no respondent subject to this Order shall employ as a defense the existence of an adequate remedy at law. If any Confidential Information is Disclosed in violation of this Order, such Confidential Information shall not lose its status through such Disclosure, and the Parties shall take all steps reasonably required to assure the continued confidentiality of such Confidential Information. ~Any dispute between the parties about compliance with this Order must be brought as a motion and pursuant to Local R. 37.~

14. <u>Modification of Protective Order.</u>

A party may ~subject to Local Rule 37,~ seek the written permission of the other parties or further order of this Court, after notice to the other parties and opportunity to be heard, with respect to modification of this Protective Order. The parties may, by written stipulation, provide for exceptions to this Order.

15. <u>Return or Destruction of Confidential Information.</u>

~~Within thirty (30) days after the final conclusion of this litigation, including~~ all appeals, all originals and reproductions of any documents produced and designated under this Protective Order by a party shall be returned to the producing party except to the extent that there may have been entered thereon any information which constitutes any receiving party's work product in which event such documents shall be destroyed by that receiving party. Nothing in this Order

shall prevent trial counsel from retaining a complete set of pleadings, depositions, deposition and trial exhibits and work product after final conclusion of this litigation.

16. Non-confidentiality of Trial Material.

Once the case proceeds to trial, unless good cause is shown to the district judge in advance of trial to proceed otherwise, information designated by the parties and/or kept and maintained pursuant to the provisions of this Protective Order that is offered at trial or that is lodged with the Court for the trial shall become public and will be presumptively available to all members of the public.

17. Advice to Client Based on Confidential Information.

Nothing in this Order shall bar or otherwise restrict any outside attorney of record herein from rendering a recommendation or advice to his/her client with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of Confidential Information designated "ATTORNEYS' EYES ONLY," provided, however, that in rendering such a recommendation or advice and/or in otherwise communicating with his/her client, the attorney shall not disclose the contents or the source of any so designated Confidential Information.

18. Discovery Objections, Claim of Privilege.

It is not the intention of this Protective Order to deal with any discovery objections to produce, answer or respond on the grounds of attorney-client privilege or work product or to preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Any document, a portion of which a party asserts to be protected by a claim of privilege, shall be identified as such with the designation "REDACTED" over that portion.

19. Inadvertent or Unintentional Disclosure of Privileged Material.

The inadvertent or unintentional disclosure or production of any document

[PROPOSED] PROTECTIVE AND ELECTRONIC DISCOVERY ORDER

or information designated under this Protective Order shall be without prejudice to any claim that the material is privileged or is protected from discovery as work product, and the parties shall not be held to have waived any privilege or work product claims by such inadvertent or unintentional disclosure or production.

Each party ~~may~~ shall review its documents, including ESI, for privileged information prior to production. Documents withheld, or redactions from documents produced, on privilege grounds will be identified in a privilege log. Any gaps in production document numbering due to claims of privilege shall be so identified at the time of production, but in no way relieve the party claiming privilege from meeting the requirements of producing a privilege log.

Each party shall retain the right to request return of all inadvertently produced privileged or work product documents. Privileged information inadvertently produced by a party will be handled as provided elsewhere in this Order, in the Federal Rules of Civil Procedure, and in the Federal Rules of Evidence.

20. <u>Examination of Witnesses Regarding Confidential Information.</u>

Notwithstanding any of the provisions of this Order, any witness subject to a noticed deposition in this litigation and his or her counsel of record may be shown, and questioned concerning, any document of which the witness is alleged or claims to be the author or a recipient or of which he or she is alleged to have knowledge. Nothing in this Order shall preclude court officials, jurors or any certified reporter retained to transcribe depositions or court proceedings in this ~~litigation from access to Confidential materials during judicial proceedings or~~ depositions in this litigation.

21. <u>Treatment of Confidential Information Produced by Third Parties.</u>

If in the course of this action discovery is sought from third parties which would require such parties to disclose and/or produce "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, such third parties may gain the

protection of this Protective Order by notifying counsel for the parties to this case, in writing, that such third parties agree to be bound by this Order and will produce documents or information pursuant to this Order, and by designating information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the procedures prescribed in this Order. No further order of this Court shall be necessary to extend the protection of this Order to third parties.

22. **Survival of Order's Terms.**

Absent valid, written modification hereof by the parties hereto or further order of the Court, the provisions of this Order that restrict the disclosure and use of confidential information shall survive the final disposition of the Action and continue to be binding on all persons subject to the terms of this Order, and the Court shall retain continuing jurisdiction to enforce this Order *for 60 days following dismissal or entry of judgment.*

23. **Binding Effect**

This Order shall become effective and binding as an agreement between the two parties to the Action upon the last of them to execute it. This Order shall thereafter become effective and binding on each party agreeing to be bound by it as an agreement between such parties and all other parties to the Order. Such agreement's binding effects set forth in this Section shall operate regardless of whether or when the Court enters its order hereon.

IT IS SO ORDERED, *as amended at paragraphs 13B, 14, 19 + 22.*

Dated: 4/27/10

Hon. Rosalyn M. Chapman
United States Magistrate Judge

## Exhibit A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I am about to receive Confidential Information supplied in connection with the lawsuit entitled *Medversant Technologies, L.L.C. v. Morrisey Associates, Inc.*, U.S. District Court for the Central District of California, Case No. CV-09-05031 MMM (RCx). I certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Order") in this action. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that information or materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as defined in the Order, or any notes or other records that may be made regarding any such information or materials, shall not be disclosed to any persons except as permitted by the Order. I agree to be subject to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcement of the Order.

DATED: _____        By _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SES PAS898880.1-*-04/27/10 11:34 AM